953 F.2d 641
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John D. SCHNEIDER, Defendant-Appellant.
 No. 90-5714.
 United States Court of Appeals, Fourth Circuit.
 Argued April 12, 1991.
Decided Jan. 17, 1992.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury, Nos. CR-90-33-S, CR-90-144-S, Norwood Carlton Tilley, Jr., District Judge.
 Argued: Danny Thomas Ferguson, Winston-Salem, N.C., for appellant; Robert Holt Edmunds, Jr., United States Attorney, Greensboro, N.C., for appellee.
 On Brief: Richard L. Robertson, Assistant United States Attorney, Lee Nelson, Third-Year Law Student, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before SPROUSE and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant, John D. Schneider, was convicted by a jury of seven counts of bankruptcy embezzlement by an officer in violation of 18 U.S.C. §§ 153 and 2. Schneider also pled guilty to making a false statement to the Department of Health and Human Services, in violation of 18 U.S.C. § 1001. On appeal, Schneider contends that the district court erred in restricting cross-examination of a government witness and by restricting Schneider's own testimony. He also attacks the district court's upward adjustment of his sentence based on its finding that he obstructed justice by falsely testifying. We affirm in part, reverse in part, and remand for resentencing.
 
 
 2
 * Schneider was Chief Financial Officer of Innovative Health Management, Inc. ("Innovative"), which owned and managed several nursing homes and a commercial laundry. In late 1987 and early 1988, Schneider arranged with an employee of Southern Health Ventures for two checks in the amount of $5,500 each to be sent from Innovative to Southern Health Ventures and for that employee to return two checks in the amount of $5,000 each to a company solely owned by Schneider.
 
 
 3
 In March of 1988, Innovative filed a petition under Chapter 11 of the United States Bankruptcy Code. Thereafter, between August 1988 and July 1989, Schneider embezzled several more checks and monies from Innovative, none of which the company had authorized him to receive. Schneider was subsequently indicted and found guilty of embezzling funds on seven different occasions during this period. The jury found him not guilty on two counts of interstate transport of securities taken by fraud (the two $5,500 checks), in violation of 18 U.S.C. § 2314.
 
 II
 
 4
 On appeal, Schneider challenges two evidentiary rulings and argues that the trial court erred in applying the Sentencing Guidelines. At trial, William Rambo, President and sole stockholder of Innovative, testified that he had not authorized Schneider to receive additional compensation. The trial court denied Schneider's attempt to cross-examine Rambo about stock transfers from Innovative to Rambo's daughter and others. The trial court also restricted the admissibility of Schneider's testimony concerning Rambo's spending habits and alcohol abuse problems. Both evidentiary rulings were based on the trial court's perception that the proffered evidence was not relevant. A district court, of course, is accorded "wide discretion" in determining the admissibility of evidence under the Federal Rules, United States v. Abel, 469 U.S. 45, 54 (1984). Guided by this principle, we find that the district court did not abuse its discretion in making these two determinations.
 
 
 5
 The third error assigned by Schneider relates to the trial court's two-point upward adjustment of Schneider's sentences for obstruction of justice. At sentencing, the trial court found that Schneider had testified falsely by claiming that he had done nothing wrong and that he was authorized to take the money. Guideline 3C1.1 states that "[i]f the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level by 2 levels." U.S.S.G. § 3C1.1.
 
 
 6
 Recently, in United States v. Dunnigan, 944 F.2d 178 (4th Cir.1991), we held unconstitutional a § 3C1.1 obstruction of justice enhancement when a defendant testifies and denies his guilt. Schneider's testimony that he had done nothing wrong and that he was authorized to take the money is likewise a denial of guilt; therefore, we reverse that portion of the judgment.
 
 
 7
 In view of the above, we affirm Schneider's conviction but remand for resentencing without the obstruction of justice enhancement.
 
 
 8
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESENTENCING.
 
 NIEMEYER, Circuit Judge, concurring:
 
 9
 I concur in the opinion and judgment of the court. I write separately to note that I vote to follow Dunnigan only because, as of this time, it is the law of the circuit. Otherwise, I would vote to affirm.